UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL H.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:22cv182 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant engaged in substantial gainful activity during the following periods: likely since the third quarter of 2020 (20 CFR 404.1520(b) and 404.1571 *et seq*.)

3. However, there has been a continuous 12-month period during which the claimant

2

   did not engage in substantial gainful activity. The remaining findings address the period the claimant did not engage in substantial gainful activity.

4.  The claimant has the following severe impairments: lumbar degenerative disc disease, status post lumbar microforaminotomy; non-ischemic cardiomyopathy/atrial fibrillation/history of systolic congestive heart failure/remote history of myocardial infarction; and, obesity (20 CFR 404.1520(c)).

5.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can occasionally climb ramps and stairs, he can never climb ladders, ropes, or scaffolds, he can occasionally balance, stoop, kneel, crouch, and crawl, and he should avoid concentrated exposure to wetness, wet or slippery surfaces, unprotected heights, fumes, odors, dusts, gases, poor ventilation, extreme cold, and extreme heat.

7.  The claimant is capable of performing past relevant work as an assembly press operator and as an assembler, production. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

8.  The claimant has not been under a disability, as defined in the Social Security Act, from June 6, 2019, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 22-31).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on January 2, 2023. On March 10, 2023 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on April 12, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See*

3

*Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ's RFC assessment is erroneous. Plaintiff points out that he is obese and has a BMI of 44.3. He notes that x-rays have shown mild degenerative spurring and soft tissue swelling, and that medical records reflect that he was unsteady when walking on heels or toes, and when squatting. Further Plaintiff notes that he had a heart attack in 2017 and currently has congestive heart failure.  He also has diabetes, obstructive sleep apnea, and severe hypertension.  Finally, Plaintiff suffers from back pain.

Plaintiff argues that, considering all of his impairments in combination, he does not have the capacity to perform full-time work.  Plaintiff currently works part-time, but states that he is only able to do so because he has every other day off to rest and recover.  Plaintiff claims that the ALJ inappropriately relied on Plaintiff's part-time work in finding that he is not disabled.

The Commissioner contends that Plaintiff has not presented evidence establishing his

4

inability to work on a full-time basis, and has not demonstrated functional limitations that would prevent him from doing full-time work.  However, as Plaintiff points out, he testified that he is unable to work full-time and that he lost his full-time job due to pain-related absences.  The ALJ failed to address this evidence.  Moreover, the ALJ has taken an unsupported leap from the fact that Plaintiff works part-time, to conclude that he can work full-time.  Although Plaintiff retains the ability to lift 40-45 pounds and can stand two to four hours at a time, there is no evidence that he can do this on a daily basis.  He currently works every other day, which he testified is the most he can due as he needs every day off to rest and recuperate.  As the ALJ's conclusion is unsupported, remand is necessary.

Plaintiff has also argued that the ALJ failed to consider his obesity and to factor his obesity into the RFC. A review of the ALJ's decision on this point reveals that she did consider his obesity but concluded that there was no evidence of specific limitations due to the obesity.  As Plaintiff suffers from back, knee, and heart impairments, and was 50 years old on the alleged onset date, the ALJ should have undertaken a more thorough analysis of the impact of Plaintiff's obesity. Thus remand is warranted on this issue also.

Plaintiff next contends that the ALJ failed to address Dr. Wells' opinion. Dr. Wells found that Plaintiff is unsteady when walking on heels and toes, and also unsteady in his ability to squat.  As this case is being remanded on the above issues, the Court will also remand on this issue so that all of the medical evidence is properly considered and analyzed.

Finally, Plaintiff asserts that the ALJ erred in relying on VE testimony that there are a significant number of jobs in the national economy that Plaintiff can perform. The VE testified that there were 28,700 jobs available for someone with Plaintiff's vocational profile.  Plaintiff contends that 28,000 jobs is lower than what a reasonable person would accept as "significant".

However, as 28,000 jobs is not a "shockingly low" number of jobs available, this Court will not remand on this specific issue.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: May 2, 2023.

                                            s/ William C. Lee  
                                            William C. Lee, Judge  
                                            United States District Court